least upon the first one, holding that Johnson's realistic chance of ultimate success on his claim under article I, section 6 is slight. 766 S.W.2d at 395.

Johnson did not challenge the validity of section 13.001 in the court of appeals. In this court he contends for the first time that section 13.001 violates article I, section 13 of the Texas Constitution, the "open courts" provision. This contention is not properly before us. *See* TEX.R.APP.P. 131(e); *Aetna Life Insurance Co. v. Wells*, 566 S.W.2d 900, 901 (Tex.1978) (withdrawing order granting writ of error). Johnson's application for writ of error is denied. Our action does not, however, imply approval of a dismissal of an action based solely upon section 13.001(b)(1) or of the reasoning of the court of appeals' opinion.

■

The ADVERTISING AND POLICY COMMITTEE OF the AVIS RENT A CAR SYSTEM et al.

v.

AVIS RENT A CAR SYSTEM, INC. and Avis, Inc.

No. C-9242.

Supreme Court of Texas.

Oct. 17, 1990.

Joint motion of the parties pursuant to settlement filed herein on October 11, 1990 is granted. The opinions and judgments of the court of appeals are vacated, and the causes are remanded to the trial court for entry of judgment in accordance with the settlement agreement of the parties. Rule 59(a), Tex.R.App.P.

■

The ADVERTISING AND POLICY COMMITTEE OF the AVIS RENT A CAR SYSTEM et al.

v.

AVIS RENT A CAR SYSTEM, INC. and Avis, Inc.

No. C-9243.

Supreme Court of Texas.

Oct. 17, 1990.

Joint motion of the parties pursuant to settlement filed herein on October 11, 1990 is granted. The opinions and judgments of the court of appeals are vacated, and the causes are remanded to the trial court for entry of judgment in accordance with the settlement agreement of the parties. Rule 59(a), Tex.R.App.P.

■

Larry Williams WHITSEY, Appellant,

v.

The STATE of Texas, Appellee.

No. 1121-87.

Court of Criminal Appeals of Texas, En Banc.

May 10, 1989.

Rehearing Granted Nov. 8, 1989.

On Rehearing Sept. 19, 1990.

